## KISER v. STATE.   (No. 10573.)

(Court of Criminal Appeals of Texas.   Jan. 19, 1927.   Rehearing Denied March 2, 1927.)

Criminal law ☞1090(8)—In absence of bill of exceptions or complaint of charge, sufficiency of evidence as to sole defense of insanity alone was reviewable.

Where, on appeal from conviction, in prosecution defended on ground of unsoundness of mind, there are no bills of exception in record nor complaint of charge of court, the only question reviewable is sufficiency of evidence to support finding on issue of insanity.

Commissioners' Decision.

Appeal from District Court, Grayson County; F. E. Wilcox, Judge.

Alton Kiser was convicted of cattle theft, and he appeals. Affirmed.

J. D. Buster, of Sherman, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BAKER, J.   The appellant was convicted of cattle theft in the district court of Grayson county, and his punishment assessed at two years in the penitentiary.

It was the contention of the state, and evidence was introduced to that effect, that the appellant and Pitsford Vest stole a cow belonging to one Frank Smith, sold her to Charles Knatt, and were fleeing from the country when they were arrested by the officers in the city of Dallas. The appellant failed to testify, but defended upon the ground that he was of unsound mind by reason of being subject to epileptic fits.

There are no bills of exception in the record and no complaint to the charge of the court, and the only question for this court to consider is whether or not the evidence is sufficient to sustain the verdict of the jury in finding against the appellant on the issue of insanity. There were several witnesses introduced on this issue, including two physicians, and, after a careful examination of all the testimony, we are of the opinion that the finding of the jury against the ap-

pellant on this issue was amply supported by the evidence.

We are therefore of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

HAWKINS, J. In the motion for rehearing, it is again urged that the verdict of the jury is contrary to the evidence upon the issue of appellant's mental condition. With this point in mind, the facts have been closely re-examined. We are confirmed in our view that the jury did no violence to the evidence in concluding that appellant was sane at the time the theft was committed and was legally responsible for his acts.

The motion for rehearing is overruled.